Leonard C. **THOMPSON**

v.

J. Ellis **OVERLADE.**

Civ. No. 2103.

United States District Court
N. D. Indiana, South Bend Division.
Oct. 5, 1956.

Robert S. Baker, Deputy Public Defender of Indiana, Rushville, Ind., for petitioner.

Robert M. O'Mahoney, Deputy Atty. Gen., for respondent.

PARKINSON, District Judge.

This is a habeas corpus proceeding wherein the writ was issued, return and answer thereto filed by the respondent, and the cause submitted to the court for trial and determination.

The findings of fact and conclusions of law will appear herein and, as this opinion will be filed, it will so serve.

The petitioner does not question the validity of the judgment of his convic-

tion in the Vanderburgh Circuit Court of Vanderburgh County, Indiana on which the commitment issued and by virtue whereof the petitioner is in the custody of the respondent, in fact, the petitioner admits that the judgment is perfectly valid but he contends that the State of Indiana waived jurisdiction over him as a parolee and for that reason he is being illegally restrained of his liberty.

Because of the wording of the Indiana statute, our Circuit Court of Appeals has held that habeas corpus in Indiana is not a remedy, the exhaustion of which is required, where attack is made on the validity of the judgment of conviction by a state prisoner in Indiana, but the petitioner here admits the validity of the judgment of his conviction, and although he probably has not fully exhausted the remedies available to him in the state courts of Indiana by way of habeas corpus, we will consider this cause on the merits.

The facts are that on April 15, 1947 the petitioner was given a 1 to 10 year indeterminate sentence to the Indiana State Prison by the Vanderburgh Circuit Court of Vanderburgh County, Indiana, and, after serving fourteen months, he was paroled and permitted to go to Kentucky to join his wife who was then there living.

In September 1948 the petitioner absconded from Kentucky and on October 17, 1948 a warrant for his arrest as a parole violator was issued by the State of Indiana.

On May 15, 1949 the petitioner was arrested on a Dyer Act, 18 U.S.C.A. § 2311 et seq., charge in East St. Louis, Illinois and was sentenced to the United States Prison at Leavenworth, Kansas, from which he was released on April 7, 1952, without a detainer having been placed against him by the State of Indiana.

On July 10, 1952 the petitioner was again arrested on another Dyer Act charge in East St. Louis, Illinois and was again sentenced to Leavenworth, where the State of Indiana placed a detainer against him.

Sometime in January, 1955 the petitioner was transferred to the United States Prison at Terre Haute, Indiana and on February 8, 1955 was released therefrom to the State of Indiana on the parole violator warrant and he was returned to the Indiana State Prison where he is now being held as a prisoner under the original 1 to 10 year commitment of the Vanderburgh Circuit Court.

Section 13–248 Burns Indiana Statutes 1956 Replacement provides for release of prisoners on parole and then provides that the parolee shall remain while so on parole,

"in the legal custody and under the control of the agent and warden of the state prison from which he is so paroled until the expiration of the maximum term specified in his sentence".

The maximum term of the petitioner's sentence will not expire until April 15, 1957, and, therefore, he is in the legal custody of the respondent unless the State of Indiana has waived its right to custody by not having arrested him on the parole violator warrant prior to February 8, 1955.

There is no evidence in the record that the authorities in Indiana had any knowledge of the whereabouts of the petitioner from the time he violated his parole while in Kentucky by absconding therefrom until they placed a detainer against him sometime after July 10, 1952 while he was serving a sentence at the United States Prison at Leavenworth, Kansas, and there is no evidence in the record that he was ever in the State of Indiana from May 1948, when he was released on parole, until sometime in January, 1955 when he was transferred to the United States Prison at Terre Haute, Indiana. By no stretch of the judicial imagination could it be held, under such circumstances, that there was any waiver, actual or constructive, by the authorities of Indiana of the right of Indiana to the legal custody of the petitioner during the maximum term of 10 years specified in his sentence, the expiration of which will not transpire until April 15, 1957.

This court, therefore, concludes that the petitioner is now in the legal custody of the respondent, and that his petition should be denied, the petition dismissed, the respondent discharged from the writ and the petitioner remanded to the custody of the respondent.

The clerk will enter judgment accordingly at the costs of the petitioner.